527 S.E.2d 97

**In the Matter of Glenn Scott THOMASON, Respondent.**

**No. 25057.**

Supreme Court of South Carolina.

Submitted Jan. 11, 2000.

Decided Jan. 24, 2000.

Robert P. Lusk, of Anderson, for respondent.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to either a two year suspen-

sion from the practice of law or an indefinite suspension from the practice of law. We accept the agreement for an indefinite suspension.[1]

## Criminal Charges

Respondent pled guilty to several charges, including failure to stop for a blue light, malicious injury to personal property, stalking, and harassment. Additionally, respondent was convicted of a first offense DUI, possession of the controlled substance Xanax, possession of marijuana, altering a vehicle license, and driving without a license.

## Matter of Trey Fisher

Respondent represented Trey Fisher. Respondent requested that Ann Fisher, Trey's mother, give him signed, blank personal checks to pay fines for Trey while Ms. Fisher was out of town. Ms. Fisher complied. Although no fines had been assessed against Trey, respondent filled out one of the checks in the amount of $20,000.00 and attempted to deposit it into his operating account. The bank stopped payment on the check due to the large amount. Respondent admits that he did not need that amount of money for his client and that he was attempting to divert at least some of those funds to his own use.

## Other Client Matters

Respondent admits that he failed to act with due diligence as to matters with his clients Christopher Glover, Norma Maglione, David Mitchell, and Wanda Cox. Respondent failed to respond to initial or subsequent inquiries of the Office of Disciplinary Counsel regarding most of these complaints.[2] Respondent also failed to do sufficient work to earn his $500.00 fee in the Mitchell matter.

## Substance Abuse

Respondent admits that he has had a problem with the use of controlled substances and alcohol. Respondent agrees that

1. Respondent previously received a private reprimand by order dated October 14, 1994.

2. Respondent did respond to complaints regarding his 1996 files.

he will provide satisfactory evidence that he is free from the use of controlled substances or alcohol with any application for readmission to the practice of law.

## Conclusion

Respondent admits the above misconduct. By his actions, we find that respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. He failed to act with reasonable diligence and promptness in representing a client. Rule 1.3. He failed to keep his clients reasonably informed about the status of their cases and reply to requests for information. Rule 1.4(a). Respondent failed to keep client funds separate from his own property, to promptly deliver to a client or third person funds that the client or person was entitled to receive, and to render promptly a full accounting. Rule 1.15(a),(b), and (c). Respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(a),(b),(d), and (e). Finally, respondent failed to cooperate with the investigations of the Commission. Rule 7(a)(3), RLDE.

In our opinion, respondent's misconduct warrants an indefinite suspension from the practice of law. Accordingly, respondent is indefinitely suspended. Additionally, respondent agrees to refund the $500.00 fee to his former client, David Mitchell.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

INDEFINITE SUSPENSION.