635 S.E.2d 630

**In the Matter of Glenn Scott THOMASON, Petitioner.**

Supreme Court of South Carolina.

Sept. 21, 2006.

## ORDER

By order dated June 19, 1997, Petitioner Glenn Scott Thomason was transferred to incapacity inactive status pursuant to Rule 28, RLDE, Rule 413, SCACR. *In the Matter of Thomason*, 326 S.C. 269, 487 S.E.2d 184 (1997). On January 24, 2000, the Court indefinitely suspended petitioner from the practice of law. *In the Matter of Thomason*, 338 S.C. 425, 527 S.E.2d 97 (2000).

Petitioner filed a Petition to Transfer to Active Status and Petition for Reinstatement. By order dated September 20, 2005, the Court consolidated the two petitions and forwarded the matter to the Committee on Character and Fitness (CCF). The CCF has filed a Report and Recommendation in which it recommends the Court grant the petitions subject to conditions.

The Court grants the Petition to Transfer to Active Status and Petition for Reinstatement subject to the following conditions:

1. Within ten (10) days of his reinstatement, petitioner shall enter into a two year monitoring contract with LHL. The contract shall contain all terms required by LHL and, at a minimum, provide for complete abstinence from alcohol and drugs, including the illegal use of prescription drugs. LHL shall select a monitor to supervise petitioner during the contract period. The monitor may not be related to petitioner. The contract shall require petitioner to obtain quarterly hair follicle tests conducted by a laboratory selected by LHL. In addition, petitioner shall obtain urine screens and/or blood tests upon the request of his monitor or LHL. Petitioner shall bear the costs of all tests. All test results shall be submitted to LHL and petitioner's monitor. Upon receipt of the test results, the monitor shall file

quarterly reports with ODC stating petitioner's progress; and

2. During the first year of his reinstatement, petitioner shall be supervised by an attorney-mentor. Petitioner and ODC shall agree on the attorney selected to be the mentor. The mentor may not be related to petitioner. Petitioner shall meet with the mentor to discuss any issues related to his legal practice at such frequency as the mentor shall require. On a semi-annual basis, the mentor shall file a written report with ODC which addresses petitioner's progress with the return to the practice of law.

Petitioner's failure to fulfill the terms of his monitoring contract or to show successful progress in his return to the practice of law shall be grounds for suspension of petitioner's license.

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ E.C. Burnett, III, J.

s/ Costa M. Pleicones, J.